James M. Adsit *et al.*

*v.*

William Smith.

</div>

. Trust—*whether it exists.* The mere fact that a person who obtained the discharge from a soldier, and procured a land warrant to be issued thereon, purchased the warrant before it was issued, contrary to the act of congress on that subject, will not constitute such purchaser a trustee of the soldier as respects the land entered under such warrant.

Appeal from the Superior Court of Chicago; the Hon. John A. Jameson, Judge, presiding.

This case was before this court at the September term, 1868, and is reported in 49 Ill. 403, where a statement of the case will be found, as presented on the first trial. On the remand of the cause a new hearing was had, and additional testimony introduced, whereupon the court below found a trust existed in favor of Smith, and decreed accordingly. Adsit appealed.

Messrs. King, Scott & Payson, for the appellant, Adsit, and Mr. Thomas Clowry, for the purchasers, Wright and Rourk.

Mr. W. T. Burgess, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This case was before us at a former term, and is reported in 49 Ill. 403. It was then decided on the testimony of Holmes alone, the party from whom Adsit obtained the discharge, and on which a land warrant was issued as a bounty for military services in the war with Mexico. On his testimony, it was held, Adsit was the trustee of Holmes, and bound to account for the land in that capacity.

On a rehearing of the cause in the superior court, Adsit was a witness, and his testimony puts a different phase upon the transaction, and so balances the testimony of Holmes as to render it impossible to base a decree upon it.

There being no evidence of a trust, or of fraud on the part of Adsit, his testimony balancing that of Holmes on that point, nothing is left of the case, but the fact of obtaining by Adsit Holmes' discharge, and procuring thereon a warrant to be issued for the land in controversy. The most that can be said of this, is, that the transaction was in violation of an act of congress, but that would not give a court of chancery jurisdiction to hold Adsit as a trustee, and make him accountable as such. All the matter alleged, of trust and of fraud, has no support in the testimony. Nothing appearing to corroborate Holmes' statements, and they being denied by Adsit, the one is as much entitled to belief as the other.

There is nothing, then, in the record sufficient to give a court of chancery jurisdiction of the subject matter, there being no fraud and no trust established; consequently, the decree finding a trust existed, must be reversed, and the bill must be dismissed.

If Holmes has any right to the money Adsit received for the land, he can prosecute that right in a court of law, and recover according to the justice of his case.

The decree is reversed for want of jurisdiction.

*Decree reversed.*