WILLIAM SMITH

*v.*

SUEL WRIGHT *et al.*

1. PRACTICE IN SUPREME COURT—*cross-errors.* The assignment of cross-errors does not require a re-docketing, as that does not change the title of the case or require a new record.

2. Where one of several parties appeals, and the other party assigns cross-errors, those not uniting in the appeal will be entitled to notice before the cross-errors are heard, but if they voluntarily join in error, the notice will be waived.

3. FORMER ADJUDICATION. If an appellee, on appeal to this court, assigns a certain matter as a cross-error, and the same is decided against him, he will be concluded, by the decision, from prosecuting a writ of error, assigning the same matter as error.

WRIT OF ERROR to the Superior Court of Cook county.

This was a bill in chancery, by William Smith, against Snel Wright, Patrick Rourke, the Trustees of Schools of Township 34 north, range 6 east, and James M. Adsit. The court below dismissed the bill, and the complainant prosecuted this writ of error. The defendants in error pleaded, in bar of the writ, the former decision of this court.

Mr. W. T. Burgess, for the plaintiff in error.

Mr. S. W. Harris, for the defendants in error.

Mr. Justice Schoolfield delivered the opinion of the Court:

This is the same record that was before this court at the September term, 1869, in the reported case of *Adsit et al.* v. *Smith,* 52 Ill. 412. The error now assigned was there assigned by the present plaintiff in error (then appellee) as a cross-error, and there was joinder in error thereon by the present defendants in error.

There was no necessity to re-docket the case after the assignment of the cross-error, as that neither changed the title of the case before the court nor required the filing of a new record. The only effect of the assignment of the cross-error was, to present an additional question on the same record. Although the present defendants in error were not brought before the court by the appeal of Adsit, and when the cross-error was assigned they were entitled to be notified, before it was disposed of, by proper process, yet they waived this by joining in error. Under the statute then, and still in force, it was not necessary to obtain the consent of the court to assign cross-errors. It was allowed as a matter of right. When the cross-error was assigned, and there was joinder thereon, the questions now attempted to be raised were fully before the court, and its decision thereon is conclusive of this case. It was then said by the court: "There being no evidence of a *trust,* or of fraud on the part of Adsit, his testimony balancing that of Holmes on that point, nothing

is left of the case but the fact of obtaining, by Adsit, Holmes' discharge, and procuring thereon a warrant to be issued for the land in controversy. The most that can be said of this is, that the transaction was in violation of an act of Congress, but that would not give a court of chancery jurisdiction to hold Adsit as a trustee, and make him accountable as such. All the matter alleged of trust and of fraud has no support in the testimony."

This view of the case, as to Adsit, necessarily disposed of the question raised by the cross-error. No theory of the case was then presented, and none is now, by which the present defendants in error can be held to be trustees for the plaintiff in error, except by first establishing a trust in Adsit, by whose fraudulent conduct alone it is claimed this trust was created.

We are of opinion that the plea presents a complete defense to the writ.

The writ of error is dismissed.

*Writ of error dismissed.*