JUDSON M. W. JONES *et al.*

*v.*

WILHELMINA FISHER.

*Filed at Ottawa January 25, 1886.*

1. APPEAL BOND—*liability thereon—inability of principal obligor to perform its conditions, by reason of his own wrongful act.* The legal holder of a certificate of membership in the Chicago board of trade, after a decree that he deliver the same to his principal, for whom he held the same, and pending an appeal by him from such decree, incumbered the certificate by his speculations, to its full value. After the affirmance of the decree he offered the party entitled thereto the then worthless certificate, and such tender was pleaded in bar of an action on the appeal bond: *Held,* that the offer to deliver the certificate thus incumbered was no defence to the action, and that the obligee in the bond was entitled to recover the value of the certificate at the time it should have been transferred to him.

2. APPEAL—*reviewing question as to amount of damages.* In an action on an appeal bond, where the judgment of the trial court is affirmed, this court has nothing to do with the question of the amount of the damages found.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Wilhelmina Fisher filed a bill in the Superior Court of Cook county, against John H. Weaver, her former business manager, to compel him, among other things, to transfer and deliver to her a certificate of membership in the Chicago board of trade, which had been taken out by her in his name, to enable him to transact her business, and which on leaving her service he refused to transfer to her, in pursuance of an agreement to that effect. The court, on the hearing, entered a personal decree against Weaver for $79.66, and directed him to transfer and deliver to complainant the certificate of membership in question, and enjoined him from disposing of the same except as therein directed. From that decree Weaver prayed an appeal to the Appellate Court for the First District, which was allowed, on his entering into bond to the complainant in the sum of $5000, with the appellant Judson M. W. Jones, as his surety, conditioned that the defendant would perform the decree in case the same was affirmed. The appeal was perfected as provided in the order allowing the same, and on the hearing the decree was affirmed by the Appellate Court. The judgment of the Appellate Court affirming the decree of the Superior Court, was reviewed by this court at its March term, 1884, resulting in an affirmance of the same. (See *Weaver* v. *Fisher*, 110 Ill. 146.) The terms of the decree not having been complied with, appellee brought an action in the Superior Court of Cook county, against Weaver and Jones, on the above mentioned appeal bond, the condition of which is as follows:

"The condition of the above obligation is such, that whereas the said Wilhelmina Fisher did, on the 5th day of June, A. D. 1882, in the Superior Court of Cook county, in the State aforesaid, and of the June term thereof, A. D. 1882, recover a decree against the above bounden John H. Weaver, for the sum of seventy-nine dollars and sixty-six cents ($79.66,) besides costs of suit, and that he, the said John H. Weaver, assign in blank and deliver to said Wilhelmina Fisher the certificate of mem-

bership in the board of trade of the city of Chicago, numbered 2861, together with the ticket of admission to the said board of trade issued thereon, and that he, the said John H. Weaver, do not otherwise dispose of the said certificate of membership, from which decree of the said Superior Court the said John H. Weaver has prayed for and obtained an appeal to the Appellate Court of said State for the First District thereof:

"Now, therefore, if the said John H. Weaver shall duly prosecute his appeal with effect, and, moreover, pay the amount of the decree, costs, interest and damages rendered and to be rendered against him, and shall duly perform all things in said decree by him decreed to be performed, in case the said decree shall be affirmed or said appeal be dismissed in the said Appellate Court, then the above obligation to be void, otherwise to remain in full force and virtue."

The cause was submitted to the court without a jury, resulting in a finding and judgment for the plaintiff for $5000 debt, and $4105.75 damages, which, on appeal, was affirmed by the Appellate Court for the First District, from which court the cause is brought here for review.

Messrs. HUTCHINSON & PARTRIDGE, for the appellants.

Mr. RUFUS KING, for the appellee.

Mr. CHIEF JUSTICE MULKEY delivered the opinion of the Court:

Under the charter and by-laws of the board of trade of Chicago a member is not permitted to sell or assign his right of membership, or the certificate thereof, while there are any unadjusted claims against him in favor of other members of the board. Such' unadjusted claims or liabilities against a member constitute a lien upon his right of membership, hence any sale or transfer of the same, or of the certificate of such

membership, will be inoperative as against other members of the board having valid claims against him. It appears that within a short time after the execution of the appeal bond sued on, Weaver, availing himself of the certificate of membership still in his possession, in utter disregard of appellee's rights, continued to operate as a member of the board of trade. His speculations among the members of that body, whether so intended or not, soon resulted in involving him in liabilities to other members of the board to the full value of the certificate, and such liabilities continued to exist up to the time of the commencement of this suit. After having thus incumbered appellee's certificate of membership standing in his name, to the amount of its full value, and having failed to sustain his appeal, he offered to assign to her the then worthless certificate, and this offer is relied on by him and his surety as the chief defence to the present suit. Such a defence is wholly destitute of merit, and can not prevail. The position of appellants affords a striking illustration of that species of construction called "sticking in the bark." At the time of giving the bond, the certificate in question was the evidence of a valuable property right. It was to protect this right that appellee went into a court of equity and prosecuted her suit to a successful termination. By the defendant's appeal, which deprived appellee of the immediate fruits of her decree, he, in legal effect, bound himself, in the event he failed to reverse the same, to transfer and deliver to her the certificate in question, and it is but a fair and common sense construction of the contract to say that he intended to, and did, bind himself to make such a transfer of it as would pass to her the right represented by it, as the same then existed, unincumbered and unaffected by anything he might subsequently do. A promise to do a particular thing always carries with it an implied stipulation that the promisor will not do anything to make the performance of the promise unavailing. So by executing the appeal bond, Weaver impliedly covenanted that

he would not, pending the appeal, do anything to render compliance with the condition of the bond a fruitless and idle ceremony, in the event the appeal should fail. Weaver, by his conduct, put it out of his power to make such a transfer of the certificate as would confer on her the ownership of an unincumbered membership in the board of trade. His offer to perform therefore afforded, as we have already seen, no defence to the action.

It also follows, from what we have said, that the value of the certificate at the time it should, by the terms of the bond, have been transferred, was not, as is claimed by appellants, the true measure of damages, but rather what the certificate would have been worth if Weaver had done nothing pending the appeal to impair its value.

The point is also made that the certificate is not property, and that it therefore has no value which the law recognizes. The fallacy of this position is directly met by the case of *Weaver* v. *Fisher*, 110 Ill. 146. That case expressly decides that such a certificate is property.

We have nothing to do with the amount of damages assessed by the trial court. That was a question for the Appellate Court, and not this.

It is conceded there was a breach of the condition of the bond, and, as we have already seen, the matters set up by way of confession and avoidance afforded no answer to the action.

Nothing, then, remained of the case except the question of damages, and that has been conclusively settled against the appellants. Indeed, from whatever aspect we view the defence in this case, we perceive no merit in it.

The judgment will be affirmed.

*Judgment affirmed.*