JAMES W. ELLSWORTH

*v.*

THE MINER T. AMES COMPANY.

*Filed at Ottawa June 16, 1888.*

1. TRUST—*when it arises—as between principal and agent.* A partnership firm obtained a certificate of membership in the Board of Trade of the city of Chicago. The certificate was taken in the name of an agent of the firm, in order that the agent might thereby, with greater facility, transact the business of his principal. The certificate of membership was regarded as the property of the firm, and as such was held in trust by the agent for his principal.

2. JURISDICTION IN CHANCERY—*in matters of trust.* In the case of a trust, as, between principal and agent, where the latter holds a certificate of membership in the board of trade, but which is the property of the former, a court of equity has jurisdiction to compel the transfer of the certificate of membership to the real owner.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. OLIVER A. HARKER, Judge, presiding.

Mr. MELVILLE W. FULLER, for the appellant.

Mr. THOMAS DENT, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This is an appeal from a judgment of affirmance by the Appellate Court for the First District, of a decree rendered by

the circuit court of Cook county in a suit brought by the Miner T. Ames Company against James W. Ellsworth.

It is set forth in the original bill, that complainant, for a valuable consideration, succeeded to the business and all the property rights and assets of the late firm of Miner T. Ames & Co., and that among such assets was a certificate of membership of the Board of Trade of the city of Chicago, which was issued on or about the 21st day of September, 1872, to defendant, who, it is alleged, was at the time an employe of the firm of Miner T. Ames & Co., by which firm the admission fee for such certificate of membership was paid, and to which firm it in equity belonged, and that it was issued to defendant without any consideration paid by him, solely to facilitate the transacting of the business of that firm. An amendment filed to the original bill by leave of court, sets forth more particularly the facts relied on for relief, and shows that the transfer of the assets and effects of Miner T. Ames & Co. to complainant was intended to be full and complete, and a general transfer of all such assets, including the certificate of membership mentioned in the original bill, but that through some oversight or accidental omission the written transfer does not specifically mention such certificate, yet in fact, and as a matter of right and equity as between the parties, the right to such certificate did pass to complainant, by reason of its having become entitled to the assets and effects of its predecessor, of which the certificate of membership so issued to defendant constituted a part. The relief demanded is that defendant be required to transfer and assign to complainant the certificate of membership, so that complainant may have the full benefit and advantage of it. The answer of defendant is quite full, and puts at issue all of the material allegations of the original and amended or supplemental bills, and states other matters, but in the view that will be taken of the case it will not be necessary to state them. On the hearing of the cause the trial court found the equities to be with complainant, and that it was entitled to have trans-

ferred to it the certificate of membership referred to in the pleadings, and decreed specific relief.

As respects the question of ownership of the certificate of membership in the board of trade, which is the subject of this litigation, and as to which the testimony is quite conflicting, it is thought the evidence is sufficient to sustain the finding, it was the property of complainant, and that complainant was entitled to have the same assigned to it, as the circuit court decreed should be done. The testimony is too voluminous to admit of any analysis in detail, and it would be a useless work when done. This court agrees with the conclusion reached by the Appellate Court, that the evidence shows the certificate of membership was held by defendant at the time of filing the bill, under such circumstances as made it, in equity, the property of complainant, which fact would warrant the relief decreed.

It is said, if complainant is entitled to any relief, it is at law. This point in the case need not be elaborated. It is alleged in the bill, the certificate of membership was partnership assets, and there is evidence tending to show it was so treated, and that it was taken in the name of defendant while the relation of principal and agent existed, that the agent with greater facility might transact the business of his principal. These facts show the property is trust property, over which equity always assumes jurisdiction, and will place it where it of right belongs. The case comes directly within, and is controlled by, *Weaver* v. *Fisher*, 110 Ill. 146.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*