SARAH W. PEASE, EXECUTRIX, ET AL.

v.

WILLIAM E. HALE ET AL.

*Mortgages—Sale—Redemption.*

1.   A mortgagor's interest in real estate is the subject of conveyance.

2.   A wrongful sale under a power of sale in a mortgage has no effect upon the interest of the mortgagor.

3.   This court has no jurisdiction of controversies involving a freehold.

[Opinion filed October 23, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. COOK & UPTON, and GREGORY, BOOTH & HARLAN, for appellants.

Messrs. FREDERIC ULLMANN and CHARLES A. DUPEE, for appellees.

GARY, J. The appeal to this court in this case was taken by Walter L. Pease, since dead, and the present appellants are his executrix, executor and devisees. The original bill by Walter L. Pease was filed to redeem a certain lot from a sale, under a power of sale in a mortgage, under which sale the appellee, Hale, holds title. Whether that sale may be redeemed from by anybody can not be inquired into on this appeal. If anybody has such a right to, or estate in the lot, as carries with it the right to redeem from that sale, it is an equitable estate in fee; an equitable freehold. If Walter L

Pease v. Hale.

Pease had such right or estate, it passed by devise to the present appellants, or to some of them. Had he made no will, it would have descended to his heirs.

A wrongful sale under a power of sale in a mortgage leaves the interest of the mortgagor " just as great as it was before." Comm. Un. Assur. Co. v. Scammon, 126 Ill. 355, 373.

In analogous cases such rights or estates have been held to be the subject of conveyances. Whitney v. Roberts, 22 Ill. 381; Smith v. Wright, 49 Ill. 403.

Now, one of the appellees is Wheeler, who claims to have acquired all the title Pease had, subject to the mortgage in the lot. Wheeler has the title under the sale upon execution, which the Supreme Court in Pease v. Ritchie, 132 Ill. 638, held to be good.

As a step preliminary to decreeing any redemption, if any could be allowed, it must be ascertained who may redeem. This involves the question of which has the freehold—equitable freehold—the appellants or Wheeler.

However certain may be the answer to that question, the question is there. What would be the answer if the Supreme Court had not decided it, would be a matter for very grave consideration, and if this court were at liberty to disregard their authority, the counsel for the appellants would strenuously contend that the Supreme Court is wrong. Without regard, therefore, to the vexed question as to whether a mere bill to redeem from an unauthorized sale under a mortgage, does or does not involve a freehold, upon which counsel have cited what everybody, including the Supreme Court, concede to be conflicting decisions, in great abundance, here is a question involving a freehold, which none of these decisions touch. Of that this court has no jurisdiction, and the appeal is dismissed.

*Appeal dismissed.*