## LOUIS RUNDE

*v.*

## WILLIAM RUNDE.

1. STATUTE OF FRAUDS—*promise to pay the debt of another.* A, being indebted to B, executed to him a promissory note for a sum larger than the indebtedness, and secured the same by a chattel mortgage on property fully worth the amount of the note. For the excess of the sum secured by the mortgage over the actual indebtedness, A was to receive from B certain lumber, but which he never received. A afterwards became indebted to C, but being in embarrassed circumstances could not pay him, all his property being covered by the mortgage, which B had proceeded, or was about to proceed, to foreclose. The three parties met together, and to satisfy the claim of C, an arrangement was made by which the demand A had on B for the difference between his actual indebtedness and that expressed in the mortgage, was compromised at the sum A owed C, B agreeing to pay the same to C : *Held,* B's promise in that regard was not within the statute of frauds.

2. RECOVERY *under the common counts.* And C was entitled to recover on the same, under the common counts in assumpsit. The promise of B being regarded as an original undertaking to pay his own debt, to C, it was unnecessary to declare specially.

APPEAL from the Circuit Court of St. Clair county ; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Messrs. HAY & KNISPEL, for the appellant.

Mr. WILLIAM WINKELMAN, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This was *indebitatus assumpsit* upon the common counts, for work and labor, money had and received, and account stated, brought by appellee against appellant, in the St. Clair circuit court. The plea, general issue, with notice of set off.

Upon the trial before the court and a jury, the appellee introduced evidence of work and labor performed by him for appellant, and the latter of an account against appellee for board, and money paid, laid out and expended, upon which the jury passed. The evidence was conflicting, and so nearly balanced as to afford no ground for the interference of this court.

It appears, also, that appellee presented another ground of recovery, based upon the following facts: On the 23d of April, 1869, one C. J. Knobel, and Ernst Runde, being engaged as partners in the business of manufacturing sash and blinds, and having become indebted to appellant in the sum of about $2,300, executed their promissory note to him for $3,400, payable in one year, with interest at the rate of ten per cent per annum, payable semi-annually, to secure which they, at the same time, executed to appellant a chattel mortgage, in the usual form, upon the steam engine, boiler, machinery, tools, etc., in their factory, being a large amount of personal property, and ample security for the sum secured by the mortgage.

At the time of making these instruments, there was a parol agreement made to the effect that, for the difference between the amount of actual indebtedness, and that expressed in the note, appellant was to let them have lumber after the making of the mortgage, though no time was specified within which it was to be done.

It also appears, that after giving the mortgage, the mortgagors became indebted to appellee for work and labor, the balance due amounting to $150. The parties were all related

to each other, except Knobel ; Ernst Runde and appellee being brothers, and appellant their uncle.

It appears, that in the fall of 1869, (the precise time not appearing,) the firm of Knobel & Runde became embarrassed, unable to carry on their business, and about to dissolve partnership, and appellee becoming alarmed about his pay, Ernst Runde, appellee, and appellant met, in the absence of Knobel ; Ernst and appellant looked over their matters, and had a settlement of the amount which the firm owed appellant, and it was then and there agreed between the three, that appellant should pay appellee the $150 owing him by the firm, and that this sum should be included in the mortgage debt of the firm to the appellant, making the whole amount of that debt about $2,600. Appellee assented to the arrangement, and afterwards relied upon appellant for his pay. It appears by Knobel's testimony that, though not present at the arrangement, yet he fully assented to it.

It is not pretended by anything in the testimony, that appellant had let the mortgagors have any of the lumber after the making of the mortgage, which he agreed to. There is nothing which definitely shows, though fairly inferrible, that that claim was included in the settlement, nor was it definitely shown that the original debtors to appellee were to be discharged ; but the jury were warranted in finding, from the acts of the parties, that they were. The immediate parties to the transaction being all relatives, it was conducted without any particular formality, and much more, perhaps, was understood, than was definitely expressed.

Appellant virtually admits the settlement, but says that he agreed to pay appellee, in case the property brought enough over and above his debt to cover that claim. In this, he is corroborated by his son. This feature of the case also presents a conflict of evidence ; and whether the promise was absolute or conditional was a matter for the jury, and we must presume that they found the promise absolute.

It is a fair inference, from the evidence, that appellant, at the time of this arrangement, was about to take possession of the property under his mortgage. This is a fair presumption, from facts and circumstances appearing, and, no doubt, might have been clearly shown. The case appears to have been loosely tried, without any definite theory ; but as facts appear, and inferences may be drawn from them in support of a theory of the case, upon which the verdict may well be sustained, and as the justice of the case is clearly with the appellee, we are bound to indulge in every reasonable presumption in support of the verdict.

The substance of the case, as it appears from undisputed facts, and legitimate inferences to be drawn from them, is simply this :

Knobel and Runde owed appellant, in the spring of 1869, about $2,300. They gave him their note for $3,400, secured by a mortgage upon property worth the full amount and more. For the difference, appellant agreed to let them have lumber, probably at his own price ; but somehow, they had never received it.

The mortgagors, after the giving of the mortgage, became indebted to appellee for work he had done for them, to the amount of $150. They had become embarrassed, and could not pay him ; their property was all being engulphed in this mortgage transaction ; one of them was brother to appellee ; appellant was their uncle ; he had proceeded, or was about to proceed, to take the property under the mortgage ; to save the brother's honest claim for work, Ernst Runde enters into this arrangement. The just demand the firm had upon appellant, for the difference between their actual debt and that expressed in the mortgage, was still subsisting. That demand, as is fairly inferrible from the evidence, was compromised at $150, and appellant agreed to pay the amount to appellee.

The property was sold under the mortgage by appellant, on the 23d day of November, 1869, through an agent, and bid in by appellant at $1,600 ; the agent, himself, testifying that he

did not think the sum bid was two thirds of its value, which appellant did not attempt to dispute, and still he refused to keep his promise with appellee, though he has obtained property worth, as appears by undisputed evidence, beside that of. the agent, in the neighborhood of $4,000, for a debt, which, excluding what he promised to pay appellee, he does not pretend was over $2,300. To enable him to consummate the oppression, he interposes the Statute of Frauds.

"There is a general principle," says Browne, "which prevails in all cases under this branch of the Statute of Frauds, that, wherever the defendant's promise is, in effect, to pay his own debt, though that of a third person be incidentally guarantied, it is not necessary that it should be in writing. The statute contemplates the *mere* promise of one man to be responsible for another, and can not be interposed as a cover and shield against the actual obligations of the defendant himself." Browne on Frauds, sec. 165.

Again he says, "But if there is an understanding between three parties, that the defendant, in consideration of his own indebtedness, shall pay the plaintiff what is owing to him by another, it seems reasonable to regard the transaction as a mere payment by the defendant of his own debt, though the language of the parties should not be formal and precise to that effect." Sec. 166.

This promise is no more within the Statute of Frauds, than it would have been, if, after adjusting the claim which Knobel and Runde had against appellant, the latter had promised to pay the amount to them. *Barker* v. *Bucklin*, 2 Denio R. 45.

It is objected, that appellee could not recover under the common counts. The rule, as shown by the authorities cited by appellant's counsel, is this : If the promise is to be considered a collateral undertaking, then the declaration should be special ; but, if it may be regarded as an original undertaking, then the declaration may be general. *Northrup* v. *Jackson*, 13 Wend. R. 85, and authorities there cited.

This we regard as an original undertaking, which the jury have found was absolute, to pay appellant's own debt, to appellee.

The judgment of the court below is affirmed.

*Judgment affirmed.*