WILLIAM F. DURANT

v.

HENRY J. ROGERS.

1. MONEY PAID—*right to recover.* Where the plaintiff pays money for another, not as his surety, he can not recover the same of such person, unless it was paid at his request.

2. SAME—*liability of partner for money paid for trespass of co-partner.* Where one partner commits a trespass, and a third party becomes his surety in an appeal bond, and is compelled to pay the original judgment, he can not maintain an action against another partner, who was not served with process, and who was not bound for the judgment, and never requested the party to execute the bond for the money so paid.

3. DEBTOR AND CREDITOR. It is a familiar principle that one party can not voluntarily make himself the creditor of another.

4. PARTNERSHIP—*liability of firm for trespass of an individual member.* One member of a firm is not liable for the trespass or other wrongful act committed by another without his knowledge or assent, especially when there is no proof that he ratified the same by participating in the proceeds acquired by the wrongful act.

5. STATUTE OF FRAUDS—*promise to pay the debt of another.* A promise to pay the debt of another after the same is incurred, is void, unless made upon a consideration, and reduced to writing.

6. SAME—*when may be taken advantage of without pleading the statute.* Where no special contract is declared on, but the declaration contains the common counts only, the plaintiff must prove a legal and binding contract, and the defendant may rely upon the Statute of Frauds without having specially pleaded the same.

APPEAL. from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

This was an action of assumpsit, by Henry J. Rogers against William F. Durant. The opinion of the court presents the necessary leading facts of the case. The plaintiff recovered in the circuit court, and the defendant appealed.

Messrs. LAWRENCE, WINSTON, CAMPBELL & LAWRENCE, for the appellant.

Messrs. SCATES & WHITNEY, for the appellee.

71 121
34a 417

71 121
46a 362

71 121
66a 351

71 121
79a 32

71 121
83a 305

71 121
87a 616

87a 637

71 121
186 3804

71 121
90a 4362

71 121
92a 6619

71 121
189 5132

71 121
100a 5552

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action is in assumpsit, and the declaration contains only the common counts. It is brought to recover money, which appellee alleges he paid out and expended at the request of appellant, for his use and benefit.

Appellee had entered into no legal obligation as the surety of appellant, by which he became bound to pay any money for him. If he can recover at all, it must be because he paid the money at the request of appellant. It is a familiar principle, one party can not voluntarily make himself the creditor of another. Appellee's right to recover rests upon the fact there was a request to pay the money, and a direct or implied promise to refund it. Upon this vital point in this case the parties are the only witnesses examined.

The defense might, with great propriety, be placed on the ground the evidence is equally balanced.

A portion of the money for which the judgment was rendered, was, in fact, paid before any interview had taken place between the parties in relation to the subject matter of this litigation. Appellee testifies, the residue was paid on request of appellant, with the distinct understanding the whole amount should be repaid. On the other hand, appellant most positively denies he ever requested appellee to pay the money, or any portion of it, for him. Neither party is in any manner impeached, and there is no suggestion that one is not as much entitled to be believed as the other. So far as we can know, they are of equal character and respectability. There is nothing in the record that materially strengthens the testimony of either. The case rests upon the positive assertion of one, and the absolute and unqualified denial of the other. *Adsit* v. *Smith*, 52 Ill. 412.

Conceding the facts, however, to be substantially as stated by appellee, they do not make a case that would authorize a recovery.

It is insisted, that appellant was a member of a firm of

Davis, Sprague & Co. The firm seems to have had a contract with the Union Pacific Railroad Company, to furnish a certain number of ties. Davis and Sprague were the managing members of the firm, and were upon the ground directing its affairs. In 1869, one Collins brought suit in the District Court of Wyoming Territory, against "Davis. Sprague & Co., consisting of J. W. Davis and M. B. Sprague, and others whose names are unknown to the plaintiffs." Service of process was only had on Sprague. There is much obscurity in the record of those proceedings, but it seems probable, from some other recitals, that the appearance of Davis was entered by attorney. It is not shown appellant was in Wyoming Territory during the pendency of the suit, nor that he in any manner submitted himself, by attorney or otherwise, to the jurisdiction of the court. He was not made a party by name, nor does it appear he had any knowledge of any proceedings against the firm. Upon examination of the record of the judgment offered in evidence by appellee, we find the suit in the district court was brought in trespass, for wrongfully taking and carrying away the property of plaintiff.

Defendants in that suit, Davis and Sprague, prayed an appeal to the Supreme Court of the Territory, and appellee and Laycock became sureties on the appeal bond. The judgment was affirmed. Subsequently, upon a suit commenced on the appeal bond, judgment was obtained against appellee, and, having discharged it, this action was brought to recover of appellant the amount so paid.

It is insisted, the money paid by appellee was to satisfy the debt of Davis, Sprague & Co., of which firm appellant was a member, and as such was legally liable therefor, jointly and severally, with each member of the firm to Collins, or to any person who should advance it for them, upon their joint request, or of the request of either member, or to such person as might become security for the firm, or either member, in the progress of the litigation, and who, in consequence of such suretyship, should be compelled to pay it.

It is fatal to this view of the case, that appellant was neither morally nor legally liable for the judgment rendered in the Territorial District Court against Sprague, or Davis & Sprague. It is undeniable, from the record of that case, the action was to recover damages for certain alleged trespasses. It was, in no sense, for a debt due from the firm. It will hardly be contended that one member of the firm is liable for a trespass or other wrongful act committed by another. This court has held the contrary doctrine in *Gilbert* v. *Emmons*, 42 Ill. 143.

With a view to strengthen appellee's cause, it is suggested the cattle and other property alleged to have been wrongfully taken from Collins by Sprague, or Davis & Sprague, added to the assets of the firm to the extent of the value of the property, in which it is said appellant participated. There is no evidence in the record of this fact. Appellant denies all knowledge of the transaction, and there is no evidence that shows, or even tends to show, the property seized and carried away was appropriated to the benefit of the firm.

Clearly, then, the relation which appellant occupied towards this judgment was that of a stranger. If he agreed to pay it, it was a promise to pay the debt of a third party, and hence not binding in law, because it was based upon no consideration, nor was it reduced to writing. It was not a promise to pay his own debt nor the debt of his firm, for it does not appear there was anything due from the firm to Collins. Giving the most liberal construction to appellee's evidence, it was not an original but a collateral undertaking. The declaration was general, and not special, upon any original promise of appellant. It is no objection the Statute of Frauds was not pleaded. Where the declaration contains nothing but the common counts, and there is a general denial, it is incumbent on the plaintiff to prove a legal and binding contract. No special contract was declared on. How could the defendant know it would be necessary to plead the Statute of Frauds? In *Taylor* v. *Merrill*, 55 Ill. 52, it was said, it will be time enough for a party "to plead the Statute of Frauds

for his defense, when it is alleged against him that he has made a contract that comes within the purview of that statute." The following cases fully sustain this view of the law: *Runde* v. *Runde,* 59 Ill. 98 ; *Hite* v. *Wells,* 17 Ill. 88 ; *Eddy* v. *Roberts,* 17 Ill. 505 ; *Chaplin* v. *Parish,* 11 Paige, 408.

The finding of the court was not authorized by the law or the evidence.

The judgment must therefore be reversed, and the cause remanded.

*Judgment reversed.*

Mr. JUSTICE WALKER : I am unable to concur in the decision in this case ; nor can I hold that, when two witnesses contradict each other, we can say that they are entitled to equal credit, when we can not see them on the stand, and have no means of determining whether they are of equal credit. To so hold is adverse to reported previous decisions of this court, and I can see no reason for changing the rule.

Mr. JUSTICE SCHOLFIELD : I concur with Mr. JUSTICE WALKER.

Mr. JUSTICE CRAIG : I fully concur in the dissenting opinion of Mr. JUSTICE WALKER.