## RUDOLPH BRAND

### v.

## WILLIAM P. WHELAN.

1. PRACTICE.—Proceeding to trial with an issue on one of the pleas not made up is a waiver of a formal issue and the irregularity is cured by verdict.

2. STATUTE OF FRAUDS—INDEMNIFYING SURETY.—The weight of American authority is in favor of applying the Statute of Frauds to a contract of indemnity against the liability of a surety or guarantor for a third person.

3. SAME—EXCEPTION.—An exception is generally recognized where the indemnitor is himself primarily liable for the debt guaranteed.

4. SAME—PLEADING.—If the promise is to be considered a collateral undertaking the declaration should be special; but if it may be regarded as an original undertaking, the declaration may be general.

5. BILL OF EXCEPTIONS.—As plaintiff's undertaking as surety or guarantor was written on the lease in question and that document was offered in evidence at the trial but has not been preserved in the bill of exceptions, this court has no evidence of the nature or extent of the liability assumed.

APPEAL from the County Court of Cook county; the Hon. RICHARD PRENDERGAST, Judge, presiding. Opinion filed January 6, 1886.

This was assumpsit brought by William P. Whelan against Rudolph Brand. The declaration consists simply of the common money counts. A rule having been entered requiring the plaintiff to file a bill of particulars, he filed, in response to said rule, the following statement:

" The defendant promised that if the plaintiff would become the surety of one Dalton upon a lease executed by the said Dalton to one John W. Smyth for the term commencing on the 1st day of August, 1882, and ending on the 30th day of April, 1883, that the defendant would guarantee the payment of said lease money, and would secure the plaintiff harmless therein; that acting upon this said promise, the plaintiff became such surety, and in consequence of the default of the said Dalton, has been compelled to pay the sum of $450 and costs; that the plaintiff only became such surety upon the rep-

resentation of the defendant that he would hold him, the plaintiff, harmless, and would pay all damages, costs and charges by reason of the plaintiff's going upon said bond; that the promises of the defendant alone caused him to become the surety upon said contract; that it, the said promise, was the original consideration and inducement for plaintiff to become surety upon said lease; that the said Smyth recovered judgment against the plaintiff upon the said lease for the sum of $450 and costs, and that the same has been paid by the plaintiff, and for which he says the defendant ought to repay him."

The defendant pleaded non-assumpsit and the Statute of Frauds. It does not appear that any replication was filed to the last mentioned plea, but the parties appeared, and by agreement submitted the cause to the court for trial without a jury, and a trial being thereupon had before the court, the issues were found for the plaintiff and his damages assessed at $450, and the court after overruling the defendant's motion for a new trial, gave judgment against the defendant for that amount and costs.

At the trial it appeared that on or about the 1st day of August, 1882, the plaintiff, being the owner of the furniture, fixtures and personal property pertaining to a variety theater and saloon at 134 West Madison street, Chicago, and being the holder of an unexpired lease of the building and premises where the same was situated, sold and transferred said variety theater and saloon, and said fixtures, furniture and personal property, by a bill of sale in writing, to one James H. Dalton, for the sum of $750. This sum was paid to the plaintiff by the defendant's check.

The plaintiff, on delivering possession of the premises, desired to be discharged from his liability on the lease. A new lease was thereupon drawn up running to Dalton, but the lessor required the signature of some responsible third party as surety or guarantor. The defendant, according to the plaintiff's testimony, explained that, owing to some rule of the Brewer's Association, of which he was a member, he could not become such surety or guarantor, but said to the plaintiff, "You go on that lease and I will see you harmless and safe

and secure." The plaintiff then put his signature on the lease. The defendant, in his testimony, denies making any such promise.

The record seems to indicate that said lease was present in court at the trial, and that it was offered in evidence, but it does not appear in the bill of exceptions, nor does the record contain any evidence of its contents or terms, or of the nature or extent of the liability assumed by the plaintiff in putting his signature thereon.

Dalton failed to pay his rent, and the lessor demanded the same of the plaintiff, and the evidence shows that the plaintiff paid on account of such rent the sum of $450. The bill of exceptions recites that the plaintiff gave in evidence the record of a judgment recovered against him by said lessor for $450 and costs, but the record itself is omitted from the bill of exceptions, and there is consequently no evidence of its contents or of the nature of the demand upon which it was recovered.

The evidence of the alleged contract of indemnity was duly objected to by the defendant, on the ground that it was inadmissible under the declaration; but said objection was overruled by the court, to which decision the defendant excepted. The court found the issues for the plaintiff and assessed the plaintiff's damages at $450, and after denying the defendant's motion for a new trial, rendered judgment on said finding.

Messrs. BARNUM, RUBENS & AMES, for appellant; as to Statute of Frauds, cited Hite v. Wells, 17 Ill. 88; Eddy v. Roberts, 17 Ill. 505; Wilson v. Bevans, 58 Ill. 232; Easter v. White, 12 Ohio St. 219; Greene v. Cresswell, 10 A. & E. 453; Brush v. Carpenter, 6 Ind. 78; Kelsey v. Hibbs, 13 Ohio, 340; Kingsley v. Balcome, 4 Barb. N. Y. S. C. 131; Draughan v. Bunting, 30 N. C. 10.

Mr. PLAYER MARTIN, for appellee ; that where the question involved is whether a promise is original or collateral, the test is whether the credit is given to the person sought to be charged or to some one else whom the person sought to be charged guaranteed should pay the debt, cited Geary v. O'Neil, 73

Ill. 593; Clifford v. Luhring, 69 Ill. 401; Scott v. White, 71 Ill. 287 ; Meyer v. Hartman, 72 Ill. 442; Dencer v. Parsons, 8 Bradwell, 625 ; Walden v. Karr, 88 Ill. 49 ; Mathers v. Carter, 7 Bradwell, 225 ; Schoenfeld v. Brown, 78 Ill. 487; Hartford Fire Ins. Co. v. Olcott, 97 Ill. 439 ; Bunting v. Darbyshire, 75 Ill. 408 ; C. & W. Coal Co. v. Liddell, 69 Ill. 639; Hayward v. Gunn, 82 Ill. 385.

BAILEY, P. J.   It is claimed by the defendant that, as there was no replication to the plea of the Statute of Frauds, that plea stands admitted.   It appears that the defendant asked for no rule on the plaintiff to reply, nor prayed judgment against him for want of a replication, and made no objection to going to trial as the pleadings were.   It is the well settled rule that proceeding to trial with an issue on one of the pleas not made up, is a waiver of a formal issue, and that the irregularity is cured by verdict.   Strohm v. Hayes, 70 Ill. 41, and cases cited.

The suit is brought to recover upon an alleged contract of indemnity against the liability claimed to have been assumed by the plaintiff as surety or guarantor for one Dalton, upon a lease demising certain premises to him.   If it be admitted that the alleged contract of indemnity is proved, it is manifest that, as the record is made up, there is no competent evidence before us that the plaintiff ever assumed any such liability.   The plaintiff's undertaking as surety or guarantor seems to have been written in some form on the lease, and that document was present at the trial and was offered in evidence, but, as it was not preserved in the bill of exceptions, we are obliged to treat the case the same as though it had not been produced at all.   It follows that we have no evidence of its terms, or of the nature, character or extent of the liability assumed by the plaintiff.   So far as appears, it may not have been a liability within the purview of the defendant's contract of indemnity, or one calling for the payment of the money now sought to be recovered of the defendant.

But waiving this point, we are inclined to the opinion that the defendant's contract upon which a recovery is sought, was a special promise to answer for the debt, default or miscar-

riage of another person, and so, within the provisions of the Statute of Frauds. It is true that the question whether a contract of indemnity against the liability of a surety or guarantor for a third person is within the Statute of Frauds, has been the subject of very great and perplexing discussions both in this country and in England, and very different conclusions have been reached by different courts, but the weight of the American decisions at least, seems to be in favor of applying the Statute of Frauds to contracts of this character. See 1 Reed on Statute of Frauds, Sec. 144, where this question is discussed at length and the authorities cited.

An exception is generally recognized, however, where the indemnitor is himself primarily liable for the debt guaranteed, because, in that case, he only promises to pay his own debt; and accordingly an effort was made in this case to show that Dalton, the lessee, was in fact a mere agent of the defendant, and that the defendant was primarily liable for the rent guaranteed by the plaintiff. While there was some evidence tending to support that theory, we think the preponderance of the evidence was clearly the other way.

We are further of the opinion that the evidence was not admissible under the declaration. The rule is that if the promise is to be considered a collateral undertaking, then the declaration should be special; but if it may be regarded as an original undertaking, then the declaration may be general. Runde v. Runde, 59 Ill. 98; Northrop v. Jackson, 13 Wend. 85. As we have already seen, the promise in this case is collateral, and it should therefore have been declared upon specially. The declaration contains only the common counts. The bill of particulars is not a part of the declaration, and lends no aid to it in this respect.

For the reasons above given, the judgment will be reversed and the cause remanded.

Judgment reversed.