# The Ohio & Mississippi Railway Company
## v.
## Michael Wachter.

*Railroads—Insufficient Culvert—Action for Damages for Flooding Brick Yard—Evidence—Presumption.*

1. It is the duty of a railway company so to construct and maintain its road across streams which it intersects as to inflict no injury upon riparian and adjacent owners.

2. A railroad company is liable for damages to property caused by an imperfect or insufficient culvert for the passage of water.

3. Each overflow caused by the negligence or want of skill of the company creates a new cause of action for damages to the crops or other property of the rightful possessor of the lands overflowed, although the plaintiff acquired his interest after the creation of the obstruction.

4. In the case presented it is *held:* That the evidence falls far short of proving such an uninterrupted, adverse enjoyment of the right to overflow appellee's land as is necessary to establish a presumptive right.

[Opinion filed June 7, 1887.]

APPEAL from the Circuit Court of St. Clair County; the Hon. AMOS WATTS, Judge, presiding.

Messrs. POLLARD & WERNER, for appellant.

The railroad embankment and culvert, at the time in question, had been in an unchanged condition from 1860 or 1861 up to date of overflow in question, June, 1885. A right to overflow the appellee's land had been acquired by prescription, and the appellee is therefore barred from recovering under the first and third counts of this declaration. Rudd v. Williams, 43 Ill. 385; Vail v. Mix, 74 Ill. 127.

The right of action, if any existed under the first and third counts of the declaration, was in appellee's grantor, or the owner of the land at the time the embankment and culvert were constructed, and did not pass to appellee. T., W. & W. R'y Co. v. Morgan, 72 Ill. 155; C. & A. R. R. Co. v. Maher, 91 Ill. 312; C. & E. I. R. R. Co. v. Loeb, 8 Ill. App. 627; S. C., 118 Ill. 203.

But appellee has no right of action against the company, having prepared his brick-yard and placed his property thereon with full knowledge of the condition of the embankment and culvert, and the company having done nothing after his rights accrued, to injure them. I. C. R. R. Co. v. Allen, 39 Ill. 205; T., W. & W. R. R. Co. v. Hunter, 50 Ill. 325.

Where a railroad company has .exercised ordinary care in the construction of its embankments and culverts, and is not otherwise guilty of negligence, it can not be made liable for damages occasioned an adjacent proprietor by reason of its failure to provide for extraordinary floods. I. C. R. R. Co. v. Bethel, 11 Ill. App. 17; Bellenger v. N. Y. C. R. R. Co., 23 N. Y. 42; Pittsburg R'y Co. v. Gilleland, 56 Pa. St. 445; Houston R. R. Co. v. Parker, 50 Texas, 330; Sprague v. Worcester, 13 Gray, 193; Allen v. Chippewa Falls, 52 Wis. 430; B. & O. R. R. Co. v. Sulphur Spring I. S. D., 96 Pa. St. 65; Kansas Pacific R. R. Co. v. Miller, 2 Col. 442.

Mr. W. C. KUEFFNER, for appellee.

"Freshets are regarded as ordinary which are well known to occur in the stream occasionally through a period of years, although at no regular intervals." Gould on Waters, 211.

"A person building a dam across a stream subject to extraordinary freshets is bound to construct it to resist such freshets, although they occur only once in several years, and at no regular intervals." Gray v. Harris, 107 Mass. 492.

"It is not enough that the dam is sufficient to resist ordinary floods. If the stream is occasionally subject to great freshets, these must likewise be guarded against." Mayor v. Bailey, 2 Den. 433.

"A railroad company must provide for unusual and extraordinary accumulation of water which have once occurred." Carriger v. East Tenn., etc., R'y Co., 7 Lea, 388.

"In this State the same rule is applied to surface water flowing in a regular channel, as is applied to a water-course. The owner of the dominant heritage, or higher tract of land, has the right to have the surface water coming naturally upon his premises, pass off the same through the natural drains

upon and over the lower or servient lands." Peck v. Herrington, 109 Ill. 611.

"A railroad company has no right, by an embankment or other artificial means, to obstruct the natural flow of the surface water, and thereby to force it in an increased quantity on the lands of another; and if it does so it is liable for any injury that the owner of the land may sustain by reason thereof." T., W. & W. R'y Co. v. Morrison, 71 Ill. 616.

"The owner of a servient heritage has no right, by an embankment or other artificial means, to stop the natural flow of the surface water from the dominant heritage, and thus throw it back upon the latter." Gillham v. Madison Co. R. R. Co., 49 Ill. 484; Nevins v. City of Peoria, 41 Ill. 502; Rudd v. Williams, 43 Ill. 385; J., N. W. & S. E. R. R. Co. v. Cox, 91 Ill. 500.

Wilkin, P. J. In the construction of its road-bed, about the year 1854, appellant erected an embankment across a small stream or watercourse, in St. Clair County, putting in a stone culvert. Five or six years afterward this culvert gave way, and an engine boiler about forty inches in diameter was put in, and the embankment settled down upon it, thus leaving only that much of an outlet for the stream.

In June, 1885, during a heavy rainfall, water gathering in the stream above the embankment was thrown back upon appellee's premises, flooding his brick-yard, damaging brick and other property thereon, until finally the force of the backwater became so great as to carry away the embankment itself. This suit is to recover for the injury done to appellee's brick-yard and the property thereon. He recovered a judgment below for $600, and the case is before us by appeal.

That appellee sustained damages to the full amount of his recovery is not denied, nor that the injury resulted from insufficiency of the culvert to carry off the water at that time; but appellant insists that it was reasonably sufficient in all ordinary freshets, and it is not therefore liable. We think that the jury was justified in finding this fact against them. D. F. Freedman, an engineer in the employ of appellant when the

embankment was made, Charles F. Freedman, his brother, Daniel Schaffer, Jacob Schmitt, Nicholas Gansman, John C. Paigne and Michael Wachter all swear to that effect. They are contradicted only by the evidence of John Phillips, supervisor of track for appellant. If by making needless obstructions in streams, in the erection of bridges, or by imperfect or insufficient sluices or ducts for the passage of streams intersected by railroads, the land or adjoining property is injured, the company is liable. Redfield on Railways, Vol. 1, p. 333; Gould on Waters, Sec. 256; Whitcomb v. Vt. C. R. R. Co., 25 Vt. 49. "This liability is for an omission of duty in building the road, and is a virtual tort." Whitcomb v. Vt. C. R. R., 25 Vt., *supra*.

In C., R. I. & P. R. R. Co. v. Moffitt, 75 Ill. 524, our Supreme Court say when a railroad company constructs a bridge across a stream, it is its duty to do so in such a manner that the water will not be obstructed, pent up or otherwise caused thereby to overflow lands of riparian proprietors. Also, that it is its duty to keep it in such condition that it should not cause an obstruction of the stream to the injury of riparian owners. It is true that the charter of the railroad company in that case required it to restore the stream to its former state or in a sufficient manner not materially to impair its usefulness. That duty, however, is equally incumbent in the absence of express requirement. Pierce on Railroads, 203. It is clear from the evidence, that if appellant had left the stream to its original course no backwater could have reached appellee's premises.

Undertaking to change that course and confining it within narrower limits than its natural channel, it was bound to exercise due care and skill to provide a sufficient outlet, taking into consideration the habits of the stream and all its surroundings. Failing to do so its liability attaches.

The other defenses interposed are equally unavailing. The evidence falls far short of proving such uninterrupted, adverse enjoyment of the right to overflow appellee's land as is necessary, under the law, to establish a prescriptive right. Only on two or three previous occasions had water been thrown upon his property, and on one of those, in 1871, he made complaint

to the agents of the company. This, of itself, would defeat the prescriptive right rebutting the presumption of a grant. C., & N. W. R. R. Co. v. Hoag, 90 Ill. 339, 341.

The position that, inasmuch as appellee did not purchase the land on which he had his brick-yard, bricks and other property, until after the embankment and culvert were built, he can not maintain this suit; the right of action, if any, being in his grantor, is to say the least a novel one, and in view of the fact that the injury here sued for is to personal property, "bricks on the yard, cordwood, wheelbarrows," etc., the proposition is absurd.

Again it is urged that the property injured having been placed where it was when injured by appellee, and the obstruction in the stream being there at that time, appellant having done nothing afterward to injure him, he can not recover, and this position is thought to be sustained by Ill. C. R. R. Co. v. Allen, 39 Ill. 205, and T., W. & W. R. R. Co. v. Hunter et al., 50 Ill. 325. Under the facts of this case these authorities have no application. Each of these three last defenses may, we think, be successfully met by the legal proposition that the duty to so construct and maintain its culverts across the stream which it had obstructed by its grade as to inflict no injury upon appellee as a riparian or adjacent owner of property, was a continuing duty. C., R. I. & P. R. R. Co. v. Moffitt, *supra*.

Each overflow caused by the negligence or want of skill is an independent wrong and a cause of action for the damages resulting to crops or other property of the rightful possessor of the land overflowed. Carner v. R. R. Co., 7 Lea, 388.

Complaint is made of the modification of appellant's sixth and seventh instructions as asked. In our view of the law they should have been refused, but no injury resulted from giving them as modified.

We are satisfied with the judgment in this case and find no substantial error in the record.

*Affirmed.*