# ST. LOUIS, ALTON AND TERRE HAUTE RAILROAD COMPANY

## v.

## LUKE BROWN ET AL.

*Railroads—Construction of Trestle—Diversion of Water Course—Overflow—Action for Damages—Pleading—Want of* Similiter—*Statute of Limitations.*

1.   Objections for want of a *similiter* to the plea of the general issue and replications to special pleas, can not be made for the first time in this court.

2.   A railroad company is bound to construct and maintain its trestles over natural watercourses so as not to catch drift-wood and cause overflow on adjoining land.

3.   The fact that a person acquired his interest in land flooded by reason of a negligently built trestle after it was built, can not defeat his recovery.

4.   The improper and unlawful construction of the trestle is a continuing breach of duty on the part of the railroad, and each injury suffered by reason thereof constitutes a new cause of action.

[Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of St. Clair County; the Hon. BENJAMIN H. CANBY, Judge, presiding.

St. L., A. & T. H. R. R. Co. v. Brown.

Messrs. TURNER & HOLDER, for appellant.

The claim is barred by the statute of limitations. C. & E. I. R. R. Co. v. McAuley, 121 Ill. 161.

The want of a *similiter*, or replication to a plea, and proceeding to trial upon unanswered pleas, is error, and negligent party must suffer. 1 Chit. on Pl., 14th Am. Ed., page 599; Earle v. Hall, 22 Pick. 102; Sammis v. Clark, 17 Ill. 398; Peare v. Wellman et al., 3 Gilm. 326; Bell et al. v. Sheldon et al., 12 Ill. 372.

A mere tenant, who voluntarily occupies property subject to the danger of overflow from an adjoining embankment culvert built by a railroad company, has no right of action for damage to personal property caused by such overflow. Chicago & Alton R. R. Co. v. Smith, 17 Ill. App. 58; I. C. R. R. Co. v. Allen, 39 Ill. 205; T., W. & W. R. Co. v. Hunter, 50 Ill. 325; T., W. & W. R. Co. v. Morgan, 72 Ill. 155; C. & E. I. R. R. Co. v. Loeb, 118 Ill. 215.

A party who comes into possession of lands as grantee or lessee, with a nuisance already existing upon it, is not liable for the continuance of the nuisance until his attention has been called to it and he has been requested to abate it. The defendant is the lessee of the company that built the trestle. Cooley on Torts, 1st Ed., page 611; Bishop on Non-Contract Law, Sec. 502; Reed v. Northfield, 13 Pick. 94; Johnson v. Lewis, 13 Con. 303; Pierson v. Glean, 2 Green, Law, 36; Woodman v. Tufts, 9 N. H. 91; Thompson v. Smith, 11 Minn. 15; Pillsbury v. Moore, 34 Me. 154; Slight v. Gutzlaff, 35 Wis. 675; West v. Louisville, etc., R. R. Co., 8 Bush, 404; McDonough v. Gilman, 3 Allen, 264; Dodge v. Stacy, 39 Vt. 558; Grigsby v. Clear Lake Water Co., 40 Cal. 396; Conhocton Stone Road v. Buffalo, etc., R. R. Co., 51 N. Y. 573; Nichols v. Boston, 98 Mass. 39; Brown v. Cayuga R. R. Co. 12 N. Y. 486; Ray v. Sellers, 1 Duv. (Ky.), 254; Penruddock's Case, 5 Co. 100 b.; Winsmore v. Greenbank, Willes, 583; Groff v. Ankenbrandt, 19 Ill. App. 150; affirmed by the Supreme Court in 124 Ill. 51. See authorities there cited.

Where a corporation has exercised ordinary care in the construction or repair of bridges and culverts over water-

courses on private land, and is not otherwise guilty of negligence, it can not be made liable for damages occasioned an adjacent proprietor by extraordinary floods and acts of adjacent land owner causing a sudden accumulation of driftwood at the bridge, such as cutting loose a big drift just above the bridge. Angell on Watercourses, Sec. 349; Bell v. McClintock, 9 Watts, 119; The Lehigh Bridge Co. v. The Lehigh Nav. Co., 4 Raw. 9; P., Ft. W. & C. R. R. Co. v. Gilleland, 56 Pa. St. 445; Ill. Cent. R. R. Co. v. Bethel, 11 Ill. App. 17.

Mr. JAMES M. HAY, for appellees.

The claim that this action is barred by the statute of limitations is not supported by the authority cited, because the facts in that case are altogether different from those shown in this. When the extent of a wrong may be apportioned from time to time, and does not go to the entire destruction of the estate, or its beneficial use, separate actions not only may but must be brought to recover the damages sustained. Wood on Nuisance, Secs. 865, 869.

The principle as laid down in the decisions of the Supreme Court, is that every nuisance of this character is a new nuisance for which an action may be brought. Notwithstanding the condemnation of land for a railroad, and the payment of the compensation or damages awarded the land owner, the company will be liable to him or his grantee for damages resulting from its negligence, either in the construction, maintenance or operating of its road. O. & M. R. R. Co. v. Wachter, 123 Ill. 440; Stetson v. The C. & E. R. R. Co., 75 Ill. 75; C., B. & Q. R. R. v. Schaffer, 124 Ill. 112.

GREEN, J. This action was brought to recover from appellant the damages to appellee's crops occasioned by overflow of water, resulting from the alleged negligence of appellant in maintaining certain piles and trestle work so badly constructed, across a watercourse running through appellee's premises, as to prevent a free passage of the water, which, in ordinary floods and freshets, would naturally flow in said watercourse. There were three counts in the declaration, but the third

count, averring the negligence substantially as above stated, is relied upon by appellees.  To this declaration three pleas were interposed; 1st, general issue; 2d, a plea amounting to the general issue, and 3d, plea of the statute of limitations of five years.  No replications to these pleas were filed.  A jury was waived.  The cause was tried by the court by agreement, a judgment was entered for plaintiffs for $315 damages and costs of suit, and defendant took this appeal.

The trestle complained of was built by the Belleville & Carondelet R. R. Co. in 1881, of which railroad defendant was lessee and operator.  Plaintiffs entered into possession of the overflowed premises as tenants March 1, 1888, and the overflow occurred in June of the same year.

The following propositions in writing were submitted to the trial court by defendant, with the request that the court should hold the same to be the law:

"1st.  The lessee of premises on which there is a nuisance is not liable for its continuation, to an adjacent proprietor, until after notice to remove."

"2d.  A tenant who voluntarily rents land with a nuisance upon it, can not recover.

"3d.  Where a person rents land through which there runs a natural watercourse, and in which natural watercourse a large quantity of drift-wood has accumulated, and such drift-wood is suddenly cut loose by some party other than the defendant, and the drift-wood lodges against the trestle of a railroad company at one time, during a heavy rainfall or freshet, the company is not liable for the consequence of the drift-wood lodging at its trestle, to an adjacent land owner, for overflowing his land."

It is insisted on behalf of appellant, the court erred in proceeding to try the cause without a *similiter* to the plea of general issue, and replications to the other pleas.  Defendant neither asked for a rule on plaintiffs to reply, nor prayed for judgment against them for want of replications, and made no objection to going to trial as the pleadings were.  This was a waiver of a formal issue, and hence, after a finding and judgment, the action of the court complained of can not be

assigned for error. Brand v. Wheelan, 18 Ill. App. 186; Strohm v. Hayes, 70 Ill. 41.

We are satisfied also from an examination of the evidence in the record, that under the facts proven the court properly refused to hold the written propositions submitted on behalf of defendant, to be the law; that the damages assessed were not excessive and the court was justified by the evidence in finding for plaintiffs upon the third count of declaration. The defendant could not, under the evidence, maintain its defense of the bar to the action set up in the third plea, if we correctly understand the rule announced by our Supreme Court in cases like this, as to the facts proven. It was the duty of defendant to so construct *and maintain* this trestle as not to *unnecessarily* obstruct the natural flow of the water, and catch and hold drift-wood, and thereby cause an overflow upon and damage to the crops of appellees.

This duty was not performed. The court had sufficient evidence to justify its finding defendant guilty of the negligence charged. The trestle was constructed diagonally instead of straight across the stream. The piles were driven in close together, and it appears from the evidence that the appellant could have built this structure at a right angle with the stream, and a wider space, unobstructed by piles, could have been left for the flow of water under the bridge. It was practicable to so construct this trestle, and in the exercise of that reasonable care required by the law, appellant should have so constructed it. O. & M. Ry. Co. v. Wachter, 23 Ill. App. 415, affirmed in the Supreme Court; O. & M. Ry. Co. v. Wachter, 123 Ill. 440. In the opinion in the case last cited, the court refer to this contention of the appellant: "The injury caused by the construction of an insufficient culvert in a railroad embankment is immediate and permanent, giving rise to but one cause of action;" and remark: "The statement is not correct as an abstract proposition. Considered as an abstract proposition, it should at least be limited to the case of a railroad built under authority of law, and in a reasonably proper and skillful manner, so as to avoid the infliction of all loss and injury *not necessarily* resulting from

thus building and operating its road. When the company *commences* operating its road without building proper culverts whereby land might be fully protected from overflow, or providing some other efficient means for the escape of the water, *it is not relieved of the duty of doing so altogether.* To maintain an embankment of a road in that condition, is not only a violation of a public duty, but is a direct invasion of the private rights of the owners of the lands, thus constantly menaced by overflows, which could never reach them if the road had been properly constructed. It does not follow in a case like this, where a plaintiff has treated the injury as embracing *prospective* as well as present damages, and has offered proof in support of such claim, there can be *no further* recovery; that the company would be relieved of a public duty to properly construct and maintain its embankment, and it would, therefore, continue liable to all persons injured by its failure to do so, except such as might be so estopped."

In C., B. & Q. R. R. Co. v. Schaffer, 124 Ill. 112, the defective structure complained of was quite similar to this trestle of appellant. The bridge was built upon piles and was not a truss bridge. The piles were from a foot to fourteen inches in diameter, and about five feet apart, and were set at an angle and not in line with the current. The appellant, in that case, claimed the injuries resulting from defective construction of bridge were permanent, and consequently all damages, for past and future injury to appellee's property, were or might have been sued for and recovered in a former suit, and such former recovery was a bar to further prosecution for the injury resulting from the erection and continuance of the nuisance. But the court say: "The doctrine as to entireness of recovery in one action when the cause of injury is of a permanent kind, is limited to the case of a railroad built under authority of law, and in a reasonably proper and skillful manner, so as to avoid the infliction of all loss and injury not necessarily resulting from this building and operating the road. In the case at bar, the bridge was not built in a reasonably proper and skillful manner, and the loss and injury have resulted from its improper construction. Appellant's right of way being across the branch, the construction of

a bridge over the branch, was necessary for the operation of its road. Had the bridge been properly built, the injury it may have caused to appellee's land would have been the necessary result of the existence of a necessary improvement, and would have been permanent in its character. The effect of the construction of the bridge upon the value of the land could be estimated at once, and it would answer all just purposes to allow but one action for the recovery.

"But where the bridge has been imperfectly built, and there has been negligence in the mode of construction, the party whose property is damaged is not bound to assume that the structure will be a permanent one. In such case the party damaged has a right to regard the nuisance as of a transient character, and instead of bringing one suit for the whole injury to the value of his property resulting from the original construction of the nuisance, he may sue for the amount of such injury as he suffers from its continuance."

Applying the doctrine and rule announced in the cases cited to the facts disclosed in this record. and it seems quite clear the appellant can not shelter itself under the defense of the limitation, set up in the third plea. Although appellees knew the defective structure was existing, when they rented and entered into the possession of the demised premises, they were not bound to assume that appellant would continue to maintain it in its defective condition to their injury, but rather that it would comply with the law and perform the duty it owed to them and the public. No reason for reversing the judgment is perceived, and it is affirmed.

*Judgment affirmed.*