THE CITY OF CHICAGO

*v.*

THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY.

*Opinion filed June 21, 1900.*

1. PLEADING—*performed contract is essential to recovery under common counts.* To sustain a recovery under the common counts there must be a contract fully performed by the plaintiff, and proof of a mere duty of the defendant performed by the plaintiff cannot be substituted for such contract.

2. SAME—*that money was paid for benefit of defendant is not sufficient.* In order that a recovery may be had under a count for money paid out by the plaintiff at defendant's request, the proof must show a request, express or implied, by the defendant; and it is not sufficient that the defendant was benefited by such payment.

3. SAME—*declaration for unliquidated damages must be special.* A declaration to recover amounts paid by the plaintiff for the benefit

of the defendant, in the nature of unliquidated damages and not debts due from the defendant, must be special.

4. SAME—*when recovery cannot be had under common money counts.* Amounts paid by a city to satisfy judgments against it in favor of property holders, for damages resulting from the construction of a viaduct over railroad tracks, cannot be recovered from the railroad company (which was not a party to the suits) under the common counts, in the absence of a contract by the company upon which an express or implied promise to pay can be based.

MAGRUDER, J., dissenting.

*City of Chicago v. C. & N. W. Ry. Co.* 87 Ill. App. 611, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

C. M. WALKER, and S. A. LYNDE, for appellant.

E. E. OSBORN, (LLOYD W. BOWERS, and A. W. PULVER, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

This suit came on for trial in the superior court of Cook county upon an issue formed by a declaration of appellant containing only the common counts and a plea of non-assumpsit filed thereto by appellee. There had been a special count, to which a plea of the Statute of Limitations was interposed, and the court had overruled appellant's demurrer to the plea. The ruling on the demurrer is assigned for error upon the record but no argument is made in support of the assignment, which is therefore regarded as abandoned.

Chicago avenue runs east and west and Halsted street north and south in the city of Chicago, and the tracks of defendant cross these streets near the point of intersection, running in a diagonal direction from south-east to north-west. Plaintiff, in order to maintain the issue on

its part under the common counts, offered evidence that the tracks obstructed the public use of the streets to such an extent that it became necessary at the point of intersection, in order to restore the streets for the use of the public, to build a viaduct over the tracks, with approaches on Halsted street and Chicago avenue; that plaintiff built such viaduct and approaches and defendant contributed a large part of the cost thereof; that suits were brought against plaintiff by owners of property abutting on the approaches, to recover damages to their property resulting from such construction, and that judgments were recovered by such owners against plaintiff, which it paid. Defendant objected to the proffered evidence on the ground that it was not admissible under the common counts. The objection was sustained and the evidence was not admitted. There being no evidence in support of the declaration, the court instructed the jury to return a verdict for defendant, which they did, and judgment was entered accordingly. The Branch Appellate Court for the First District affirmed the judgment.

The various counts of the declaration were the following: First, *indebitatus assumpsit* for goods, wares and merchandise sold and delivered; second, *quantum valebant* for goods, wares and merchandise sold and delivered; third, a consolidated money count in *indebitatus assumpsit* for money loaned, money paid, laid out and expended for defendant at its request, money had and received by defendant for the use of plaintiff, money due and owing for interest, and money due for work and material; fourth, a count for money found due upon an account stated.

The common counts are founded upon an expressed or implied promise on the part of the defendant to pay money to the plaintiff in consideration of a precedent and existing debt. It has often been said that where there is a contract fully performed and nothing remains to be done but the payment of money by the defendant, the liability may be enforced under the common counts.

It is said that in this case nothing remains to be done by the defendant but to pay the money demanded by the plaintiff.   But that may be said of a defendant in any case; and the other part of the proposition, that there must be a contract fully performed by the plaintiff, can not be ignored.   There was no contract relation between the plaintiff and defendant with respect to the payment of these damages or concerning any liability of defendant therefor.   Appellant sought to prove, not a contract expressed or implied, but an alleged duty of defendant which was performed by plaintiff.   There is no pretense that defendant ever recognized the validity of the claims of property owners or the amount of damages, or agreed in any manner to pay or satisfy them.   No count of this declaration would give any hint to the defendant of the claim against which it was called upon to defend, and, of course, the evidence could not be applied to the counts for goods, wares and merchandise, money loaned, money had and received, interest, labor and material, or money due on an account stated.   They are all utterly foreign to the claim made at the trial.   The only count under which it seems to be claimed that the evidence was admissible is the count for money paid out for defendant at its request.

It is argued that if the evidence had been admitted it would have established defendant's duty and legal obligation to build a viaduct, so as to restore the streets to proper condition for public use; that it would have proved that plaintiff performed such duty to the public owing by defendant; that if defendant had performed the duty it would have become liable to pay damages to property owners suffered by reason of the construction of the viaduct and approaches, and that in performing the duty plaintiff became liable to pay these damages, and paid them.   It is argued that from these facts the law would raise an implied promise on the part of the defendant to re-pay plaintiff the money so paid.   An action under this

count, however, is only sustainable where the money was paid upon the request, expressed or implied, of the defendant. (2 Ency. of Pl. & Pr. 1012; 1 Chitty's Pl. 350; 1 Shinn's Pl. & Pr. 488.) It is not sufficient that defendant was benefited by the payment, but it must have been done at its request, expressed or implied, and plaintiff could only recover on proof of facts that would show such a request of the defendant. One party cannot voluntarily make himself a creditor of another, and if plaintiff paid the obligation of the defendant without its knowledge or consent, it cannot recover such payment back under this count. *Durant* v. *Rogers,* 71 Ill. 121.

Again, the alleged liability was not for a debt but for unliquidated damages, which the plaintiff claims were caused by the performance of a duty owing to the public by defendant. The evidence did not relate to the payment of a debt, but of unliquidated damages. The defendant was not a party to the suits by the property owners, either on the record or by notice from defendant to appear and defend, and it was not bound by the judgments recovered. The admission of the evidence in this case would involve a trial upon the merits and an inquiry into the actual damages sustained by the property owner in each case. The amounts paid by the plaintiff being in the nature of unliquidated damages, and not debts due from the defendant, the declaration must be special. 2 Ency. of Pl. & Pr. 1014; Chitty's Pl. 350.

The court was right in refusing to admit the evidence under the pleadings. The judgment of the Branch Appellate Court is affirmed.                    *Judgment affirmed.*

Mr. JUSTICE MAGRUDER, dissenting.