### The Adams & Westlake Co. v. William Westlake.

1. RECOVERY—*When to be Sustained Under the Common Counts—Collateral Undertakings.*—Where the undertaking sued upon is a collateral promise the declaration must be special; but when it is an original undertaking, a recovery may be had under the common counts.

2. CONTRACTS — *When the Undertaking is Collateral.* — Where another party is primarily liable as principal debtor, and the relations of debtor and creditor remain unchanged, both as to the right and the remedy, and no trust is created by the transaction out of which the promise arises, such promise is in its nature collateral and not original.

3. STATUTE OF FRAUDS— *When it May be Relied upon Without Pleading it.*—When a party declares upon the common counts only, and seeks to recover upon a contract which is within the statute of frauds, it is competent to rely upon that statute as a defense without pleading it, and advantage may be taken of it, on the evidence under the general issue.

Assumpsit, under the common counts. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Reversed and remanded. Opinion filed January 15, 1901.

RAYMOND & OMOHUNDRO, attorneys for appellant.

CUTTING, CASTLE & WILLIAMS, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

In this case a judgment was obtained by appellee against appellants in the trial court for $1,200. Appellee, by contract in writting, granted to the Adams & Westlake Manu-

facturing Company, a Michigan corporation, the exclusive right to manufacture certain patented articles under United States patents owned by appellee, for which said corporation agreed to pay to appellee a certain fixed amount, annually, as royalty. It is contended by appellee that said Michigan corporation transferred to the appellant, an Illinois corporation, all of its assets, including the right to manufacture under said license. There are two such license contracts. In one of them it is provided as follows, viz.:

"IV. The said William Westlake hereby agrees, upon the request of the said The Adams & Westlake Manufacturing Company, made on or before the expiration of the term of this agreement, to extend this license and agreement for the term of five additional years from and after January 1, 1891, upon the same terms of payment of royalty as set forth in Article III above written, that is, upon the payment of two hundred dollars ($200) per annum during the extended term."

By the other license agreement it is provided that said manufacturing company "shall have the option to extend the time of said agreement and license" for the term of five years.

In apt time the attorney for both of said corporations, by letter to appellee, dated December 27, 1890, said:

"DEAR SIR: I beg to add to my recent letter to you this formal notice that my clients elect to extend for the period of five (5) years from December 31, 1890, their contracts with you dated October 24, 1881, and February 2, 1886, of which notice kindly acknowledge receipt."

The record shows no reply to this letter. The appellee never extended said "license and agreement."

The declaration contains no special count, but only the common counts in assumpsit, viz., for goods sold and delivered; for money lent; for money paid, laid out and expended; for money had and received; for interest due and owing; for work and material; and on account stated.

To this declaration a plea of the general issue was filed. These are all the pleadings in the case.

Can a recovery be sustained upon the facts in this record under the common counts? The rule in this State is that

where the promise sued upon is a collateral undertaking, then the declaration must be special; but when the promise is regarded as an original undertaking, a recovery may be had under the common counts. (Power v. Rankin, 114 Ill. 52, 57; Runde v. Runde, 59 Ill. 98, 102; Brand v. Whelan, 18 Ill. App. 186, 190.)

" If another is primary, as principal debtor, and the relations of debtor and creditor remain unchanged, both as to the right and the remedy, and no trust is created by the transaction out of which the promise arises, such promise is in its nature collateral and not original." (Eddy v. Roberts, 17 Ill. 507.)    See also Robinson v. Holmes, 82 Ill. App. 307.

The testimony is conclusive that appellee never extended either one of said contracts or assented to such extension. True, as contended by counsel for appellee, appellant or the Michigan corporation paid royalty for one year after the expiration of the term fixed by the original contract, but appellee swore in November, 1892, that he " never assented to the payment of royalty for the purpose of extending said contracts," and that he " never had any contract with " appellant and was " under no obligations to it."    In the same affidavit appellee swore as follows, viz.:

" I observed some years ago what I supposed to be a change in the name of complainant (the Michigan) company, but I supposed for convenience the word ' manufacturing ' had been dropped, and I never knew until yesterday that a new corporation had been organized under the laws of Illinois by the name ' The Adams & Westlake Company,' in which company I never had any interest and never consented to the use of my name.' "

After that, royalty was tendered to appellee twice, which he refused to accept, and no royalty was ever paid to or accepted by him after he made that affidavit.    Appellee could not have made, and can not in a law proceeding be held to have made, a contract with appellant when he did not know of the existence of such corporation or party as appellant.    Upon the facts in this case a recovery can not be sustained upon a declaration which contained only the common counts.

Two days prior to the commencement of the trial in the court below, appellant moved the court for leave to file a plea of the statute of limitations, which motion was denied.

It is urged by counsel for appellant that it was error to deny that motion.   Where there is no allegation that the defendant has made a contract that comes within the purview of the statute of frauds, it will be time enough to plead that statute when it appears that a recovery is sought upon such a contract.   Taylor v. Merrill, 55 Ill. 52, 58; Durant v. Rogers, 71 Ill. 121, 124.

But when a party declares on the common counts only, and seeks to recover upon a contract which is within the statute of frauds, it is competent to rely on that statute as a defense without pleading it, and advantage may be taken of it, on the evidence under the general issue.   Beard v. Converse, 84 Ill. 512, 516;   Prante v. Schutte, 18 Ill. App. 64.

The appellee claims the right to recover for four years' royalty.   Each annual payment was a separate cause of action, and a recovery might have been had, if at all, upon each of such payments separately.   One of them was payable (if ever) more than five years prior to the commencement of this suit.   It is included in the verdict and judgment. It should not have been, even if appellee was entitled to recover in this case.

The record shows that there was litigation between these parties in the United States Court for the Southern District of New York, wherein the validity of the alleged extension of the agreement under which it is claimed that appellant became liable to appellee was involved.   As this cause must be remanded for another trial we shall not review in detail the facts concerning, or the effect of the New York litigation.   Suffice it to say that we do not see from the testimony now before the court why the appellee is not, in effect, estopped thereby from recovering in the case at bar.

No contract is shown upon which the appellee can recover against the appellant, under the pleadings in the case at bar.

For the errors indicated the judgment of the Superior Court is reversed and the cause remanded.