## JOHN C. MAXWELL

*v.*

## BENJAMIN B. LONGENECKER *et al.*

1. MONEY HAD AND RECEIVED—*when action will lie.* Before a defendant can be held liable for money had and received to the plaintiff's use, it must appear clearly that there is money in defendant's hands actually belonging to the plaintiff.

2. If a debtor places money in the hands of a person for the purpose of being applied to the payment of debts owing by such debtor, without setting apart the money in distinct amounts, for his several creditors, so that he has no further control over it, one of the creditors can not maintain an action against the party so holding the money, for money had and received to the use of such creditor.

APPEAL from the Circuit Court of Crawford county; the Hon. J. C. ALLEN, Judge, presiding.

Mr. E. CALLAHAN, for the appellant.

Mr. J. M. LONGENECKER, for the appellees.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

The declaration in this case, in the first count, is, "for preparing and making morter, and plastering certain buildings of the defendant," and "for divers materials and other necessary things, by the said plaintiffs, before that time, found and provided, and used and applied in and about the plastering of said buildings, for the said defendant," and also for work and labor, and for goods, wares and merchandize, and for money loaned, money paid, laid out and expended, and money had and received, etc. The second count is on a due bill for $100.

The plea of *non assumpsit* was filed by the defendant, and also a plea that payment had been tendered of $23, balance due on the due bill declared on in the second count of the declaration, as well as costs, etc.

The cause was tried by the court, by agreement of parties,

without the intervention of a jury, and judgment was given for the plaintiffs, for $107.05.

The facts, as we gather them from the abstract, are, briefly, as follows:

In September, 1875, the plaintiffs below, and appellees here, who are plasterers, contracted with Wagner and Weakley to do the plastering in a block of five brick buildings which they were erecting, the buildings being for different owners, namely: one for A. S. Maxwell, one for Alfred H. Jones and John C. Maxwell, one for Alfred H. Jones, and two for William C. Jones. The work was to be done for $204.88 per building and $79 for the halls.

A. S. Maxwell, on a settlement with Wagner and Weakley, was found to be indebted to them, for the completion of his building, $817, which, by agreement between the parties, was paid into the hands of the defendant, to be by him paid out on work done for them—but the precise terms of this agreement are in dispute, and the evidence in that respect will be noticed hereafter.

The defendant gave plaintiffs a due bill for $100, in exchange for an order on him given by Wagner and Weakley, and payable to them for that amount, and this had all been paid before suit was brought, except $23, which amount defendant tendered plaintiffs after suit was brought, together with $5 for costs, being more than the amount of costs due at the time; and this tender has been kept good.

Plaintiffs claim that, soon after they commenced plastering, they learned that Wagner and Weakley were not responsible; that, in a subsequent conversation with A. S. Maxwell, he stated that he would see they got their pay for plastering his building; that after this they went to A. S. Maxwell for money, when he said he could not pay any more. for he had settled up with the contractors, Wagner and Weakley, but added that some money had been put in defendant's hands to pay for work and materials; and that they then went to defendant, who told them some money had been placed in his hands to pay out for work and materials on A. S. Maxwell's building.

The evidence is clearly insufficient to show an express contract whereby defendant agreed to pay plaintiffs any certain ·sum of money on account of the plastering of A. S. Maxwell's building. This is conceded by the counsel for plaintiffs, but he claims the defendant is liable to plaintiffs, under an implied contract, for so much money had and received to their use.

The evidence of the plaintiffs is to the effect that the $817 were placed in the defendant's hands to pay out for work and materials on A. S. Maxwell's building. It is not pretended that plaintiffs were parties to that contract, or that they ever released Wagner and Weakley from their obligations to pay, and accepted a promise of the defendant in its stead, or that the money in the defendant's hands was set apart, in distinct amounts, to the several creditors who had done work and furnished materials for the building, so that Wagner and Weakley had no further control over it.

Before the defendant can be held liable to the plaintiffs for money had and received to their use, it should appear there was money in his hands actually belonging to them. Chitty on Conts. (11 Am. Ed.) 908.

The money placed in the hands of the defendant, although placed there for the purpose of making certain payments, was the money of Wagner and Weakley, and, at any time before payments were actually made, or the rights of third parties, as against the defendant, became vested on account of the money placed in his hands, Wagner and Weakley were at liberty to withdraw it, or change the directions given with regard to its disposition.

The defendant is not shown, by the evidence, to have been the agent of the plaintiffs in the receipt of the money, and this being so, he is responsible only to his principals for its disposition.

The defendant testifies that the money was placed in his hands to be paid out on the order of Wagner and Weakley, and that he did so pay it out. In the absence of any express agreement between the particular creditors and Wagner and Weakley, when the deposit was made, this would have been

the legal effect of the deposit. As the agent of Wagner and Weakley, the defendant would have been subject to their direction, and when he had paid the money out, under their direction, his duty would have been discharged.

We think the evidence before us so clearly insufficient to sustain the judgment, that there ought to be a new trial, and that unless the plaintiffs shall be able to supply evidence in respect to what we have here considered the fatal omissions, the judgment should be for the defendant.

The judgment is reversed and the cause remanded.

*Judgment reversed.*