## JOHN C. MAXWELL

*v.*

## BENJAMIN B. LONGENECKER *et al.*

1. ACTION—*liability of holder of money to creditor of depositor.* Where a person receives money from another, to be paid out on the order of the latter, no part of which is set apart by agreement with the depositor for a creditor of his, or one performing work for him, and where such depositor does not order the holder to pay the same to the creditor, the holder will not be responsible to the creditor for the amount due him from the person making the deposit.

2. PLEADING AND EVIDENCE—*recovery on the common counts.* Under a count for work and labor, and materials furnished, and for money paid, laid out and expended, and for money had and received, the plaintiff can not recover for work done for a third person by showing that the defendant represented that he held the money to pay for the same and promised to pay the same upon completion of the work, and that, relying on such assurance, the plaintiff did complete the work. To recover on such a state of fact, a special count is necessary, showing facts which estop the defendant from denying the truth of his representations.

APPEAL from the Circuit Court of Crawford county; the Hon. JAMES C. ALLEN, Judge, presiding.

This was an action of assumpsit, brought by Benjamin B. Longenecker and William H. Ingersoll, as partners, against John C. Maxwell.

The declaration was for work and labor, and materials furnished, and for goods, wares and merchandise, and for money loaned, money paid, laid out and expended, and money had and received, etc.

The jury found the issues for the plaintiffs and assessed their damages at $106.55, upon which the court rendered judgment, denying a motion for a new trial.

· Mr. E. CALLAHAN, for the appellant.

Messrs. WILSON & LONGENECKER, for the appellees.

Per CURIAM : This case was before us at the June term, 1876, and is reported as *Maxwell* v. *Longenecker et al.* 82 Ill. 308, to which we refer for a statement of the facts.

We discover nothing in the present record, in respect to the terms upon which the $817 of money belonging to Wagner & Weakley was held by appellant, materially differing from what is there disclosed. The evidence clearly shows that this money was to be paid out on the order of Wagner & Weakley, and that it was so paid out. There is no pretense that appellant was indebted to appellees for work done by them for him, nor is there any pretense that any part of the money held by appellant was set apart by agreement with Wagner & Weakley for appellees, or that they ever ordered him to pay appellees.

If it should be conceded that the evidence shows that appellant, notwithstanding the fact was otherwise, represented that he held the money to pay appellees, and promised to do so upon their completing the work, and that they, relying upon this representation and promise, did complete the work, and we should thereupon hold that appellant is estopped to deny the truth of what he represented, and must make good his promise, there still could be no recovery under this declaration, for in no count are there averments warranting the admission of such evidence.

To· recover on such state of facts, if a recovery thereon could be had, there should have been a special·count averring them. *Hite* v. *Wells*, 17 Ill. 91; *Eddy et al.* v. *Roberts*, id. 508. The judgment is reversed.

*Judgment reversed.*