## Robert Robinson v. Janette C. Holmes.

1. COLLATERAL UNDERTAKING—*Defined.*—A collateral undertaking is a contract based upon a pre-existing debt, or other liability, and including a promise to pay, made by a third person having immediate respect to and founded upon such debt or liability without any new consideration moving to him.

2. PLEADING—*On Collateral Promises.*—In declaring upon a collateral promise the declaration must be special.

Assumpsit, on the common counts. Trial in the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion on rehearing filed May 2, 1899.

ASHCRAFT & GORDON, attorneys for appellant.

JAMES A. FULLENWIDER, attorney for appellee.

PER CURIAM on rehearing.

Appellee offered to remit the interest which, as we formerly held (75 Ill. App. 203), she was not entitled to recover under the averments of the declaration, and a rehearing was allowed upon appellee's petition therefor, remittitur having been filed.

Appellant's counsel insist that the clause in the deed by

which appellant assumed and agreed to pay the mortgage debt is to be considered a collateral undertaking, and hence, under the rule announced in Runde v. Runde, 59 Ill. 102, Power v. Rankin, 114 Ill. 52, and other cases, the action can not be maintained under this declaration, which is general, but the contract must be declared upon specially.

A collateral undertaking is defined to be "a contract based upon a pre-existing debt, or other liability, and including a promise to pay, made by a third person having immediate respect to and founded upon such debt or liability, without any new consideration moving to him." (Bouvier's Law Dic.) Such is clearly the contract in question here. It is a promise by the Robinsons, in consideration of the sale and conveyance to them of the real estate by the Fortners, to pay the pre-existing mortgage debt to the holder thereof. No new consideration moved from the holder of the mortgage debt to appellants, for their promise to pay. The consideration was the conveyance of the real estate to them by another party, and the promise was made to such party only, although inuring to the benefit of the holder of the obligation. In Mason v. Munger, 5 Hill, 613, the plaintiff had loaned money to one Williams, who sold his stock in trade to the defendant, and the latter promised, in consideration of the sale, to pay the debt of Williams to the plaintiff. It was held that the promise was collateral, and that the declaration must be special.

In Maxwell v. Longenecker, 89 Ill. 102, it was claimed that appellant promised to pay appellees out of money in his hands, belonging to third parties, for work done by appellees for the latter. It was held that to recover at all, if the evidence had so warranted, the declaration must be special, citing Hite v. Wells, 17 Ill. 91, and Eddy v. Roberts, Id. 508. In this last cited case it is said :

"If another is primary or principal debtor, and the relations of debtor and creditor remain unchanged both as to the right and the remedy, and no trust is created by the transaction out of which the promise arose, such promise is in its nature collateral and not original."

The promise sued upon in the case before us being collateral, should have been declared on specially.

This is not a case where, there having been full performance of an express original contract, and nothing remaining to be done but to pay the money, the action can be maintained upon the common counts, and the authorities which so hold (Cath. Bish. v. Bauer, 62 Ill. 188, and others cited in appellee's brief), are not in point in the present case.

For the reasons now stated, additional to those indicated in the former opinion filed herein, the judgment must be reversed and the cause remanded.