87   611
s186s300

## City of Chicago v. Chicago & N. W. Ry. Co.

1. PLEADING AND PROOF—*Recovery of Money Paid Out as Consequential Damages.*—To recover money paid out by a city in satisfaction of judgments for damages caused by the construction of a viaduct over the tracks of a railroad company at the intersection of streets, the city

must allege and prove facts by virtue of which it may appear as a matter of law that the damages were in some way directly or indirectly inflicted by reason of the railroad's conduct, and this evidently must require special allegations from which the court may, on demurrer, if need be, determine as a matter of law from the facts alleged, whether any such legal obligation exists.

2. PLEADING—*Where the Common Counts Will Not Suffice.*—The common count is not a sufficient declaration for the recovery of money paid by a city in satisfaction of judgments recovered against it for damages caused by the construction of a viaduct over the tracks of a railroad at the intersection of streets. There must be specific averments to warrant the admission of evidence of the character required and for the purpose under consideration.

3. SAME—*Where the Common Counts Are Not Sufficient.*—Where it is sought to recover under an implied assumpsit, based upon the non-performance of an alleged legal duty, the gist of the controversy is not a contract from which might arise an implied promise, but the existence of the duty.

Assumpsit.—Appeal from the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Mr. Justice SHEPARD dissenting. Opinion filed February 27, 1900.

Statement.—This is an action by the city of Chicago to recover money which it has paid in satisfaction of judgments for damages caused by the construction of a viaduct over the tracks of appellee at the intersection of Chicago avenue and Halsted street. These judgments were recovered in the years 1885, 1886 and 1887, and were paid by the city in 1888 and 1889.

The present action was brought June 5, 1893, more than five years after the dates at which said judgments were rendered, but within five years from the dates when they were respectively paid. The damages were originally laid at ten thousand dollars. A declaration containing only the common counts in assumpsit, with no bill of particulars, was filed July 28, 1893. Appellee pleaded the general issue. The *ad damnum* was subsequently, March 19, 1894, increased to $75,000. More than three years thereafter, November 15, 1897, the city, with leave of court, filed an additional special count, to which appellee pleaded the five years limitation of the statute, alleging that the matter of the special count

was other and different from that of the declaration as originally filed. A demurrer by the city to this plea was overruled, and the cause came on for trial upon the original declaration, containing only the common counts and the plea of general issue thereto.

Upon the trial the city sought to introduce evidence tending to show that the building of the viaduct had become necessary in order to preserve to the public the use of streets which were main thoroughfares, and which by the construction and operation of appellee's railway tracks, constantly increasing in number and substantially occupying the entire intersection of the street at that point, were so blocked and obstructed as to impede and practically destroy public traffic thereon; also evidence tending to show that the damages caused by the censtruction of said viaduct, to the property of the several parties who had recovered said judgments, were equal to the amounts so recovered; and that the cost of the viaduct was paid by the city, appellee contributing a large part thereof. Objections were made to the introduction of this evidence, and of any evidence to the effect that the building of the viaduct had been made necessary in order to preserve the public use of the streets because of the obstruction thereto caused by the defendant's use thereof. The court sustained these objections, ruling that such evidence was not admissible under the common counts. Thereupon, on motion of appellee's counsel, the jury were instructed to find a verdict for the defendant, which was done. Judgment having been rendered accordingly, this appeal was taken.

C. M. Walker, C. S. Thornton and S. A. Lynde, attorneys for appellant.

E. E. Osborn, attorney for appellee; A. W. Pulver and Lloyd W. Bowers, of counsel.

Mr. Justice Freeman delivered the opinion of the court.

It was contended by counsel for appellee, at the trial, that the evidence sought to be introduced was inadmissible

and immaterial under the common counts. This was, it is said, the only point decided—the only ground upon which objections to the evidence were sustained.

There was no controversy as to the recovery and amount of the judgments obtained against the city, and the right of the latter to recover the same from appellee in a proper proceeding does not appear to have been directly considered. It is, perhaps, indirectly involved to this extent, that if the city could not recover at all, the condition of the pleadings would be immaterial. Appellant claims it is entitled to recover because "it was the default or failure of the railway company to perform its legal duty, and 'restore' these streets to proper condition for public use, that compelled the city of Chicago to build this viaduct; and the land damages being a necessary consequence and result of the construction of the viaduct, the city, in building it, was merely doing what the law required the railroad company to do, and the money paid by it on these land damages was paid by the city for the use, in fact, of the railroad company."

We are told by counsel for appellant that the sole question is whether, if there was a legal obligation on the part of appellee to build this viaduct, and to pay such land damages as necessarily resulted, the law implies from such obligation a promise to the city to repay thereto the money appellant has been forced to pay out in satisfaction of the judgments against it. It is urged that appellant was entitled to prove the existence of this legal obligation under the common counts, and that the court erred in excluding the evidence offered for that purpose.

It is evident that the existence of a legal obligation on the part of appellee is the matter in dispute. The question is not whether there is any contract debt. It is conceded there is not. The case is not one where there is an agreement completely executed by the one party upon which nothing remains for the other party to do except to pay money. The city is not suing for the cost of erecting the viaduct, which it claims it was the duty of appellee to erect, and for which cost, granting the duty, it might per-

haps with show of reason be claimed an implied assumpsit would arise. The evidence sought to be introduced shows that appellee paid its contribution to that expense, presumably its full share, apparently performing the alleged duty to that extent.

The contention is that appellant has been made to pay out money for consequential damages, which it has become the duty of appellee to refund, because of its failure to perform another alleged duty which appellant's evidence shows it did contribute toward doing. The point of the controversy is whether there is any such duty; whether appellant did pay damages which appellee ought to refund; whether the former paid for appellee's tort or its own merely. To establish the duty, to maintain that it paid damages which appellee ought to have paid, it must set up and prove facts by virtue of which it may appear as a matter of law that the damages were in some way directly or indirectly inflicted by reason of appellee's conduct. This evidently must require special allegations from which the court may, on demurrer if need be, determine as a matter of law from the facts allege, whether any such legal obligation exists.

The primary responsibility for payment of the damages which it is sought to recover, appears to have rested upon the city, which, itself, erected the viaduct. It does not sue upon any contract of indemnity against damages to property owners.

According to the evidence offered, the suit is to recover for payment of damages directly caused by the city's own acts. The latter claims to have been compelled to inflict these damages for which it has paid, by the conduct of appellee. The very statement of this claim is a statement of a special cause of action. Had the city allowed or compelled appellee to build the viaduct, which it now says was the latter's duty, it may be the appellee could have protected itself from these claims for damages in whole or in part. It does not appear that appellee refused or was requested to do so. It contributed to the cost, but the city did the work. " Where the declaration contains nothing

but the common counts, and there is a general denial, it is incumbent upon the plaintiff to prove a legal and binding contract." Durant v. Rogers, 71 Ill. 121 (124). Here appellant sought to prove, not a contract express or implied, but a failure or neglect of what is claimed to have been a duty, to the performance of which it concedes appellee contributed its share.

The common counts will not suffice. There must be specific averments to warrant the admission of evidence of the character and for the purpose under consideration. Authorities bearing upon the admissibility of evidence under the common counts are numerous. We refer only to a few of them. Zjednoczenie v. Sadecki, 41 Ill. App. 329; Robinson v. Holmes, 82 Ill. App. 307, and cases cited; Maxwell v. Longnecker, 89 Ill. 102; Parmly v. Farrar, 169 Ill. 607.

It is not every case based upon an express promise wherein recovery can be had under the common counts. Where, as in this case, it is sought to recover upon an implied assumpsit, based upon the non-performance of an alleged legal duty, the gist of the controversy is not a contract from which might arise an implied promise, but the existence of the duty. The defendant is entitled to be informed by the declaration what the facts are which it is claimed create the legal obligation. Appellant could not introduce the evidence under consideration to support a cause of action not shown by its declaration. The evidence offered fails to support an implied promise.

We can not agree with appellant's counsel, that the determination of the question as to the admissibility of the evidence necessarily requires us, as the case now stands, to decide whether there is a legal liability on the part of the railroad company to pay these damages. The question is not presented by the declaration.

Appellant seems to have recognized the inadequacy of the common counts, when it obtained leave and filed the special count, to which the statute of limitations was pleaded. This count stated a new cause of action, and was filed too late. Had it been filed in apt time, another question would have arisen.

We are of opinion that no error was committed in sustaining the objections to the evidence under consideration, and the judgment of the Superior Court will be affirmed.

MR. JUSTICE SHEPARD dissenting.

The theory upon which appellant seeks to recover, is, as I understand it, that the city having performed a duty in restoring the street, which, under the law, it was the duty of appellee to perform, and for such performance having been mulcted in damages which it has paid, it is entitled to maintain this suit as for money paid, laid out and expended, upon the implied promise of appellee to reimburse appellant.

Under such a theory it seems to me that the common counts were a sufficient basis for the admission of evidence showing the facts upon which the implied promise arose.